UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANDRE POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:09-cv-69-JMS-MJD |
| | ) | |
| STEPHEN HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Objection to Representation of Defendants**

Andre Powell, the plaintiff in this civil rights action brought against employees of a State agency, the Indiana Department of Correction, argues that the Indiana Attorney General is not authorized to represent the defendants. He seeks an order declaring all actions taken in that representation "void" and terminating that representation.

A motion to disqualify counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. *Schiessle v. Stephens,* 717 F.2d 417 (7th Cir. 1983). A disqualification motion is often tactically motivated and tends to derail efficient progress of litigation. *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2nd Cir. 1983). The party seeking disqualification has a heavy burden and must satisfy a high standard of proof. *Id.* Disqualification motions are subject to strict judicial scrutiny given the potential for abuse. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985).

Powell's sole argument is that the Attorney General's representation of the defendants is not authorized by Indiana law. See IND. CODE § 4-6-2-1.5. There is no indication from the statute he cites or from the circumstances of this particular case that Powell has standing to present his objection. Even if he has such standing, moreover, even the violation of a state statute is not actionable under any of the statutes Powell invokes here. *Pacelli v. DeVito,* 972 F.2d 871, 875 (7th Cir. 1992) (citing *Archie v. City of Racine,* 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc)).

Apart from the foregoing, Powell misunderstands how the statute might reasonably be viewed. He reasons that the complaint does not establish that the defendants acted within the scope of their duties as state employees and that each defendant is sued in his individual capacity. It is true, of course, that state employees are not employed for the purpose of violating federally secured rights. This recognition does not capture the question of whether a state employee's alleged conduct amounts to action taken "under color of state law" for the purpose of satisfying that requirement of the statute Powell invokes, 42 U.S.C. § 1983. Instead, a person acts under color of state law when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Because the complaint alleges that the defendants acted under color of state law when they violated the plaintiff's federally secured rights, there is no basis on which to conclude that the Indiana Attorney General erred in filing an appearance on their behalf, Powell's objection to that representation is thus **overruled.**

**IT IS SO ORDERED.**

Date: 06/17/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

Andre Vance Powell
57984
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391