# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

ANDRE POWELL,                )
                                       )
                 Plaintiff,       )
      vs.                             )         2:09-cv-69-JMS-MJD
                                         )
STEPHEN HALL, et al.,          )
                                       )
               Defendants.     )

## Entry Discussing Selected Matters
## and Directing Additional Proceedings

## Background

The principles associated with resolution of the motions addressed in this Entry are the following:

- Rule 59(e) provides that a motion to alter or amend judgment can be filed within 28 days from the entry of judgment on the clerk's docket. A party has an additional three days to file pursuant to Rule 6(d).

- A district court cannot extend the time limit prescribed in Rule 59(e). *See Winston Network, Inc. v. Indiana Harbor Belt R. Co.*, 944 F.2d 1351, 1362 (7th Cir. 1991); *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir. 1990).

- "The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276 [(1988)], holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot,* 420 F.3d 1158, 1163–64 (10th Cir. 2005). If the prison has a legal mail system, the prisoner can establish the date on which he provided the papers to be filed with the court by presenting evidence showing the date on which he deposited the mailing into that system. *Id.,* at 1165.

The events associated with the resolution of motions referenced in this Entry are the following:

- Judgment was entered on the clerk's docket on July 14, 2011.

- In the Judgment just referenced, the defendants prevailed and the plaintiff did not prevail.

- The plaintiff submitted a motion to alter or amend judgment which was filed by the clerk on August 8, 2011.

- The plaintiff submitted a supplement to the motion to alter or amend judgment which was filed by the clerk on August 17, 2011.

- The plaintiff submitted a second supplement to the motion to alter or amend judgment which was filed with the clerk on August 23, 2011.

**Discussion**

### Rulings

The court is without authority to grant the relief sought in the plaintiff's second motion to supplement, and that motion [190] is therefore **denied**.

The motion to clerk and court to acknowledge attached copy of submission as an 8/15/11 file stamped part of record [189] is **denied** because the material to which the plaintiff refers in such motion was not filed with the clerk prior to or on August 15, 2011, and that material does not establish that it could be considered filed prior to its receipt by the clerk pursuant to the prison mailbox rule.

The defendants' motion to strike [191] is **denied** because the question raised through such motion is appropriately raised in this Entry.

### Further Proceedings

In order to determine whether the prison mailbox rule should be applied in this instance, the plaintiff shall have **through December 8, 2011,** in which to file a notarized statement or declaration (complying with 28 U.S.C. ' 1746) setting forth the date that he deposited the motion to supplement the motion to alter or amend judgment in the prison mail system and whether he paid first class postage. *See Parker v. Evans*, 350 Fed. Appx. 77 (7th Cir. 2009).

**IT IS SO ORDERED.**

Date: _11/29/2011_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ANDRE VANCE POWELL
951140
Faith Mission
801 Benham Avenue
Elkhart, IN   46516