# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANDRE POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:09-cv-69-JMS-MJD |
| | ) | |
| STEPHEN HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion to Alter or Amend Judgment

Andre Powell's civil rights action was resolved through the entry of summary judgment. Following that ruling, Powell filed a motion to alter or amend judgment [186] and supplement [187]. Given the timing of the plaintiff's original motion to alter or amend judgment relative to the entry of final judgment on July 14, 2011, and given the arguments set forth in such motion, the motion is treated as labeled and as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The same is true of the supplement, which was also filed within 28 calendar days from the entry of judgment on the clerk's docket and which challenges the substantive validity of the court's decision.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union,* 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of such a motion is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

Powell=s 45-page motion to alter or amend judgment filed on August 8, 2011, asserts a handful of grounds for relief.¹ Powell's 19-page supplement to the motion to alter or amend judgment presents twelve additional grounds for relief.²

Contrary to the plaintiff's many assertions there was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the plaintiff=s claims, nor did it misapply the law to those claims in light of the underlying record. Additionally, there was not irregularity in the manner in which the case developed and was resolved.

Accordingly, the post-judgment motion to alter or amend judgment [186] and supplement [187] are each **denied**.

**IT IS SO ORDERED.**

Date: 02/28/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

1 Powell argues in the motion to alter or amend judgment that the court should reconsider its entry of judgment in favor of the defendants and determine the sufficiency of the defendants' discovery responses, that the court abused its discretion in denying his request for assistance of counsel to assist him with discovery, that there was inadequate evidence to grant summary judgment for Chaplain Tofflemire, Lt. Hinton and Kris Knight, that the court failed to properly consider and weigh Powell=s opposition brief, and that the court acted in a perfunctory manner in handling this action.

2 These additional grounds are the following: withdrawal of certain counsel representing the defendants was improper; the defendants should not have received an extension of time to file their reply in support of the motion for summary judgment; the court should have granted his third motion to amend his complaint; the court did not consider the plaintiff=s affidavit; the court erred in characterizing Powell=s opposition brief as rambling and in failing to include citations to evidence sufficient to establish the existence of admissible evidence; the court erred in stating that the plaintiff had submitted 46-pages of argument; the court erred in failing to find that the Chaplain Ahad based his denial of the plaintiff=s vegetarian diet principally on his perception that the plaintiff=s ›general Christianity‹ did not, in comparison to other ›qualifying religions,‹ require the plaintiff to practice a vegetarian diet@ nor did the court make the connection Abetween Dr. Hall=s approval of the plaintiff=s vegetarian diet and retaliative acts from Chaplain Tofflemire, Lt. Hinton and Kris Knight. . . .@; the court erred in summarily rejecting the claim of retaliation against Chalplain Tofflemire; the court erred in Alump[ing] together@ the claims against Lawrence and Williams@; the court Aengaged in degrading acts of negligence@; the court abused its discretion by not permitting the plaintiff to amend his complaint prior to granting judgment as a matter of law to Osborne, Slavens, Lawrence and Williams; and the court erred in overruling the objection to the Indiana Attorney General=s representation of the defendants.

Distribution:

Andre Vance Powell
951140
E.C.C.C.
86261 C.R. 26
Elkhart, IN 46517

All Electronically Registered Counsel